CASSIUS C. POWERS, administrator, *vs.* PROVIDENT INSTI-
TUTION FOR SAVINGS.
WILLIAM C. WILLIAMSON, administrator, *vs.* SAME.

Suffolk.   April 4. — 16, 1877.   AMES, J., absent.

If a case stated, submitted to the Superior Court, and, on appeal from its judgment,
to this court, states evidence instead of facts, this court may discharge it, and
order the action to stand for further proceedings in the Superior Court.

TWO ACTIONS OF CONTRACT, each brought against a savings bank by the administrator of a depositor, and submitted to the Superior Court with the agreement that, if upon the facts stated the plaintiff was entitled to recover, judgment should be rendered for him for a sum agreed ; otherwise, for the defendant.

In the first case, the facts stated were in substance as follows The plaintiff is the administrator with the will annexed of the estate of John Marley.   On July 22, 1857, there was standing to the credit of Marley, on the books of the defendant, the sum of $1096.22, on two accounts.   On that day he drew, in equal amounts from each account, the sum of $556.22, and afterwards, on the same day, opened three new accounts with the defendant in the name of "John Marley, Trust.," and deposited $200 each on two of the accounts, and $100 on the other.   In 1870, during the lifetime of Marley, the five books of deposit, received by Marley from the defendant, were lost or stolen from his possession, and the defendant has paid the plaintiff, as administrator, the amounts due on the two old books, and on one of the new ones, on his filing a bond to indemnify the bank against the production of said books.   Neither of the five books has ever been produced, and, so far as known to the parties, there never was any *cestui que trust* of the new accounts remaining unpaid.   The defendant was notified by Marley in 1870, after the loss of the books, that they had not been transferred.

and that they were his property. The plaintiff tendered to the defendant a good and sufficient bond to indemnify it against any claim arising from the production of the missing books of the accounts still unpaid, or from any claim of any *cestui que trust*, but the defendant declined to pay said plaintiff the amounts due on said books at the date of the writ, December 22, 1874.

The Superior Court ordered judgment for the plaintiff for the sum agreed on ; and the defendant appealed to this court.

In the second case, the facts stated were in substance as follows : The plaintiff is the administrator of the estate of Margaret Sancry, who died on August 5, 1874, having been for many years a widow, and leaving no children. At the time of her decease she had no known relatives except an adult niece, who visited her occasionally, and, with the exception of the dwelling-house wherein she last lived in Boston, in which she had a tenancy for life only, she had little if any property. Among her effects was a deposit book, issued by the defendant to Margaret Sancry, trustee, showing deposits from September, 1862, to May 7, 1873, and sums drawn out from time to time, and a balance due of $599.92. The deceased had held another deposit book, issued to her by the defendant in her individual name, the amount therein standing to her credit being $636; but this balance had been withdrawn prior to her decease. Since the death of Margaret Sancry no one has claimed said deposit as *cestui que trust*. Without such sum there will not be sufficient money to pay the debts of the deceased.

The Superior Court ordered judgment for the defendant; and the plaintiff appealed to this court.

*C. C. Powers, pro se.*

*W. C. Williamson, pro se.*

*F. E. Parker & W. E. Perkins,* for the defendant.

GRAY, C. J. These cases, which have been submitted together on the briefs of counsel, without oral argument, are rather statements of evidence than statements of facts. In each case, whether there was any trust, and, if so, what was its nature, are facts which may materially affect the right of the administrator to maintain the action ; and yet they are not agreed in the case stated, and do not appear to have been found or considered by the court below. If we should decide the cases upon

the records as they stand, we should be obliged to take all inferences of fact in favor of the conclusions of that court, even if the result should be to affirm the judgment for the plaintiff in the one case, and for the defendant in the other.    *West* v. *Platt*, 120 Mass. 421.  As we cannot believe that the cases were framed or submitted with that understanding, the safer course appears to us to be to discharge the statements of facts, and allow the cases to stand for further proceedings in the Superior Court. *Shearer* v. *Jewett*, 14 Pick. 232, 236.    *Gregory* v. *Pierce*, 4 Met. 478, 480.    *Merriam* v. *Merriam*, 6 Cush. 91.    *Morse* v. *Mason*. 103 Mass. 560.                    *Statements of facts discharged.*