SANFORD ET AL., RESPONDENTS, *v.* NEWELL ET AL.,
APPELLANTS.

[Submitted April 2, 1896.  Decided April 6, 1896.]

ASSUMPSIT—*Pleading—Attorneys—Answering over.*—In an action by a firm of attorneys
to recover for professional services, a complaint which alleges a copartnership be-
tween plaintiffs; that at a certain time they performed certain services for defend-
ants, as attorneys, at the special instance and request of the defendants; the reason-
able value of the services; and that defendants have not paid the same, is good on
general demurrer, and by answering defendants waived any defects in the cause of
action.

APPEAL—*Amendment to pleading.*—The allowance of an amendment to a pleading, not
objected or accepted to at the time, will not be reviewed on appeal.

*Appeal from Eleventh Judicial District, Flathead County.*

ACTION for professional services.   The cause was tried be-
fore DU BOSE, J.   Plaintiff had judgment below.   Affirmed.

Statement of the case by the justice delivering the opinion.

Action to recover for professional services.   Among other
matters, the complaint alleges a copartnership between the
plaintiffs, Sanford & Grubb, and that "on or about the 17th
day of July, 1893, the plaintiffs performed certain services for
defendants as attorneys and counsellors at law, at the special
instance and request of defendants."   The action is to recover
$500 for such professional services rendered by plaintiffs for
defendants.   A general demurrer was filed to the complaint.
The demurrer was overruled, and the defendants answered ad-
mitting the partnership of plaintiffs and admitting the alle-
gations contained in the above quoted section of plaintiffs'
complaint, but denied that the services were worth more than
$100, and by way of counterclaim pleaded that the plaintiffs
were negligent in and about certain professional matters en-
trusted to them by the defendants, and that by reason of the
fault, carelessness and negligence of the plaintiffs, certain
amounts were lost to defendants, and as a consequence de-
fendants were damaged to the sum of $1,500.   The replica-
tion denied all the affirmative matter of defendants' answer.

ERRATUM : The last paragraph of the foregoing opinion should read as follows : "The allowance of the amendment to the complaint is not presented for review ; defendants cannot complain therefore of any abuse of the discretion of the court in granting leave to amend. The judgment is affirmed."

The record recites that after a jury was sworn the plaintiffs moved to amend the complaint by adding to the averment of their copartnership these words:   "That these plaintiffs at all times hereinafter mentioned were, ever since have been and now are duly admitted, qualified and practicing attorneys at law in the state of Montana."   The motion to amend was granted.   Thereafter judgment was rendered in favor of plaintiffs, and against the defendants for the sum of $500 and costs.   The defendants appeal from the judgment.

*McIntire & Clinton*, for Appellants.

*Logan & Brennan*, for Respondents.

HUNT, J.—The complaint is good as against general demurrer.   It alleges the performance of certain services as attorneys for the defendants, and that such services were performed at the special instance and request of the defendants, and that the services were reasonably worth $500 and that defendants have not paid the same.   These are allegations of fact upon which issues could be and were made.   If there was uncertainty, ambiguity and unintelligibility in the allegations by omission to state in what particular direction the plaintiffs professionally served the defendants,  special demurrer might have been proper.   But whether special demurrer would have been well taken is not before us.   By answering the defendants waived any defects of the statement in the cause of action.   Authorities are unnecessary on this point.

The allowance of the amendment to the complaint was not objected or excepted to at the time leave was granted; defendants cannot complain therefore of any abuse of the discretion of the court in granting leave to amend.   The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.