FLANNERY, RESPONDENT, *v.* CAMPBELL, APPELLANT.

(No. 1,817.)

(Submitted March 4, 1904. Decided March 29, 1904.)

*Water Rights—Action for Unlawful Diversion—Pleading— Inconsistent Allegations—Judgments—Conclusiveness—Ap-*

peal—*Contradictory Instructions—Theory of Case—Estoppel.*

1. A plaintiff cannot in a complaint take one position, and, in a replication to defendant's answer, take another one inconsistent with the allegations of the complaint.

2. In an action for the unlawful diversion of water by defendant, where plaintiff in her complaint admitted that defendant had allowed some of the water claimed by plaintiff to pass down to her, and that she had used it, she was not entitled to allege in her reply a plea of estoppel or *res judicata*, that defendant was estopped by his answer in a previous case, and by the judgment therein, from denying that plaintiff had been prevented from using any water.

3. In an action for the unlawful diversion of water, certain instructions reviewed and *held* erroneous, as inconsistent and contradictory.

4. Where an action was brought to determine the right of palintiff's landlord to an interest in an irrigating ditch, to establish his right to use the ditch, and to enjoin defendant from interfering with plaintiff's use thereof, in which defendant denied the landlord's right to the ditch, but it was subsequently determined that he was a tenant in common thereof, and an order previously issued, restraining defendants from deflecting the flow, was modified so as to allow fifty inches of water to flow to the landlord's premises, such judgment was not conclusive, in a subsequent action by the tenant for damages to crops by reason of defendant's alleged previous diversion, that defendant had deprived plaintiff of all the water which should have been permitted to flow on her land.

5. Where plaintiff relied in the trial court on an estoppel arising from defendant's admission in his answer in another suit and not on the proposition that the judgment in such suit was determinative of such facts, she could not change her position on appeal, and claim that the judgment was conclusive as to the facts on which the estoppel was based.

*Appeal from District Court, Gallatin County; W. L. Holloway, Judge.*

ACTION by Ida B. Flannery against N. S. Campbell. From a judgment in favor of plaintiff, and from an order overruling a motion for a new trial, defendant appeals. Reversed.

*Messrs. McConnell & McConnell,* for Appellant.

*Mr. Eugene B. Hoffman,* and *Mr. T. J. Walsh,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the following opinion for the court:

Appeal from judgment and order overruling motion for a new trial. The action was instituted by respondent, Ida B.

Flannery (plaintiff), against appellant, N. S. Campbell (defendant), to recover damages to crops caused by the alleged deprivation by defendant of the use of water for irrigating purposes on plaintiff's crops during the irrigation season of 1898. The only two errors alleged are: (1) That the court gave inconsistent and contradictory instructions. (2) That the evidence wholly fails to sustain the verdict.

1.   Contradictory Instructions.   The condition of the pleadings is peculiar, and a somewhat extended reference thereto seems necessary to a full understanding of the case.

Plaintiff's complaint contains allegations which, briefly stated, are as follows:

(1) That one Pat Toohey owned certain land.

(2) That it was arid, and required irrigation.

(3) That there is appurtenant to said land a certain water right through the Flannery ditch, which was owned by defendant, Patrick Toohey, Joseph Davis and Benjamin Graham as tenants in common.

(4) That Toohey leased this land to the plaintiff.

(5) That she prepared the ground for seed, and planted certain crops.

"(6) That on or about the 7th day of July, 1898, and frequently thereafter during the irrigation season of 1898, defendant and said Joseph Davis, and each of them, wrongfully and unlawfully constructed dams and embankments in and near said Flannery ditch, and otherwise wrongfully and unlawfully interfered with and obstructed this plaintiff's use thereof, and the flow of the water therein, and plaintiff's use of the water right and water ditch hereinbefore mentioned; and by reason of said wrongful and unlawful acts, and the interference and obstruction of the said Davis and this defendant, plaintiff was able to obtain and did use only a small part of the water to which said land was entitled by virtue of the said water right, and, during the greater portion of said irrigation season, was able to and did obtain or use no part of said water for the irrigation of said crops or other purposes; and plaintiff was unable

to procure water from any other source with which to irrigate said crops, or any part thereof, and was unable to properly irrigate said crops, or any thereof, by reason of the said wrongful and unlawful acts and interference and obstruction by said defendant and said Davis with plaintiff's use of said water right and Flannery ditch; to plaintiff's great damage in the sum of eighteen hundred and eighteen and 90-100 ($1,818.90) dollars."

In the seventh paragraph of the complaint she alleged specific damage to each of the crops which she had planted.

The defendant, in his answer to this complaint, denied generally or specifically all its material allegations, and in answer to paragraph 6, above quoted, says: "Defendant denies each and every allegation of paragraph 6, and alleges the truth to be as follows, to-wit: That on the 7th day of July, 1898, he turned the water out of said ditch, at the head thereof, for the purpose of enabling him to put in a gate at a point at which he diverted the water from the same for use upon his said ranch; this diversion was done jointly by this defendant and said Joseph Davis; that they put in said gate on said 7th day of July, 1898, and that on the following day they turned the water back into the ditch at its head or junction with the East Gallatin river, and allowed the said water to flow down said ditch; that this defendant never diverted or used any of the water until the 13th day of July, 1898, but that said Davis did divert and use the same for irrigating his crops upon his said ranch during the 8th, 9th, 10th, 11th, 12th and 13th days of July, 1898, and also a portion of it the 14th and 15th; that on the 15th day of July, 1898, Pat Toohey, who claimed to be the owner of the land, brought an action in the district court of Gallatin county against this defendant and said Joseph Davis, and enjoined them from using said water, and that the same was immediately turned back into the said ditch and allowed to flow down to the ranch or premises described in paragraph 1 of this complaint."

To this the plaintiff filed a reply, in the first part of which

she denies all the allegations of fact set forth in the answer, either specifically or generally, and then alleges, in substance, that defendant ought not to be permitted to deny that he prevented plaintiff from irrigating her crops, nor to make the allegations set forth in the sixth paragraph of his answer, because on the 15th day of July, 1898, Toohey instituted suit against said Campbell and one Davis, wherein he sought a decree enjoining Campbell and Davis from interfering with his water right; that in his complaint he alleged that Campbell and Davis had wrongfully and unlawfully constructed dams and embankments in the Flannery ditch so as to completely destroy Toohey's right to the use thereof, and that they had prevented any water flowing through the ditch, and had ousted him from the possession of the ditch; that Campbell and Davis filed their joint answer, which was verified by Campbell. Plaintiff then quoted paragraphs 6 and 7 of said answer, wherein the defendants denied that plaintiff had any right to the ditch, or any part thereof, or any right to the use of the water therein, and admitted that Campbell and Davis had prevented any water flowing in said ditch upon the lands, and had threatened to continue to do so unless restrained. That a temporary injunction was issued against Campbell and Davis from interfering with Toohey's right to the ditch; that afterwards a judgment was entered in said case, whereby it was adjudged that Toohey was the owner of the lands described in the complaint and in this suit, and was a tenant in common with Graham, Davis and Campbell in the Flannery ditch; that this defendant and Davis were each guilty of interfering with Toohey's right to said water, and that Toohey was entitled to injunction against them. She then alleges that the water and Flannery ditch, the real estate, and the interferences and obstructions mentioned in the complaint are the same as those in controversy in the *Toohey Case*, and that the defendant is the same Campbell who was a defendant in the *Toohey Case*; that at the time of the commencement of the injunction action, and during its pendency, and at the time of the commencement of this suit, plaintiff was

the lessee of Toohey, and of the land and water right herein. The replication closes with the following prayer: "Wherefore plaintiff says that defendant herein should be and is estopped from denying the title of said Toohey in said lands described in the complaint herein, and from denying the right and title of said Toohey to said water right mentioned in the complaint and answer herein, and from making any and all of the allegations of the sixth paragraph of said answer herein, and from denying that plaintiff was prevented from irrigating her said crops upon said real estate by him, the said defendant."

The complaint, as above stated, bases the right of action upon the unlawful diversion of water by defendant. Plaintiff did not plead or rely in her complaint upon the admissions in defendant's answer in the *Toohey Case,* or the judgment in that case, either as an estoppel or *res judicata,* but tendered an issue upon the fact of an unlawful diversion of the waters in question by the defendant. Defendant had a clear right to join issue on these allegations. Plaintiff had admitted by her complaint that defendant had allowed some of the water claimed by plaintiff to pass down to her, and that she had used it. This clearly appears from the following allegation, above quoted: "Plaintiff was able to obtain, and did use, only a small part of the water to which said land was entitled by virtue of the said water right." Defendant, in paragraph 6 of his answer, above quoted, meets the issues of paragraph 6 of the complaint, and alleges his version of the facts bearing thereon. In plaintiff's reply, above noted, she sought to plead an estoppel or *res judicata* against the facts set up in defendant's answer to the issue tendered by the complaint as above stated, claiming that this estoppel or *res judicata* prevented defendant from pleading, relying upon, or showing the existence of the facts which he had alleged in his answer. This condition, therefore, is disclosed by the pleadings: (1) The plaintiff alleges that defendant deprived her of water sufficient to irrigate her crops. (2) The answer denied this allegation, and set forth facts showing that she had ample water. (3) Plaintiff in her reply denied the

existence of these facts, and then (4) alleged that defendant was estopped by his answer in the *Toohey Case,* and by the judgment in that case, from denying that plaintiff had been prevented from using any water.

Thus it appears that plaintiff insists, by her replication, that the defendant is estopped from saying that plaintiff was not deprived of all the waters belonging to the leased land, yet we find in her complaint a direct allegation that she did use a portion thereof, thus by her own complaint contradicting the effect of her plea of estoppel or *res judicata.* This she cannot do. She cannot in her complaint take one position, and, in her replication to defendant's answer, take another one inconsistent with the allegations of her complaint. (Code of Civil Procedure, Sec. 720; Laws of 1899, p. 142; *Hill* v. *Rich Hill Coal Min. Co.,* 119 Mo. 9, 24 S. W. 223; *Merrill* v. *Suing,* (Neb.) 92 N. W. 618; *Union Casualty, etc. Co.* v. *Bragg,* 63 Kan. 291, 65 Pac. 272; *Johnson* v. *State Bank,* 59 Kan. 250, 52 Pac. 860.)

But, again, the record discloses that plaintiff's own witnesses, when sworn in her case in chief, testified that some of the water was allowed to pass the obstructions complained of at all times, thus contradicting the replication. By defendant's witnesses, when called upon the stand, it was disclosed, without objection, that from seventy to eighty inches of water, to which plaintiff was entitled at all times, passed the obstructions complained of. Plaintiff's attorney sought to avoid the effect of this testimony by a request for the following instruction, which was given by the court: "(8) The court instructs you that if you find from the evidence that the defendant and Joseph Davis filed their answer verified by defendant Campbell in the injunction case of *Toohey* v. *Campbell and Davis,* in which answer they alleged that they denied the right of Toohey to use said Flannery ditch, or any part thereof, for any purpose, and that from July 7, 1898, till enjoined in said action, they had prevented any water flowing through said Flannery ditch upon the Toohey land, and that they intended to continue so to do, and that, unless re-

strained, they would continue to dam up and stop said ditch so that it could not be used by said Toohey, this defendant cannot be heard to say in this action that he did not do so, but said facts must be taken as true in this action, provided that you further find that the plaintiff was at said time the lessee of said Toohey, and as such in possession of said land, and entitled to the use of said Flannery ditch for irrigation." The court also gave the following instruction, requested by defendant, upon the same proposition: "(1) The court instructs you that if you believe from the evidence that water was allowed to run down said Flannery ditch on the 8th day of July, 1898, and subsequent days between that and the 13th, then it was the duty of the plaintiff to have used said water if she needed the same, and if she failed to do it, and her crops were injured thereby, she cannot be heard to recover such damage as she sustained by reason of failing to use said water between said dates." These instructions are absolutely inconsistent with and contradictory of each other, and we have no doubt but that, under the pleadings and the testimony given in the case, without objection on the part of plaintiff, instruction No. 8 above quoted is erroneous, and that instruction No. 1 is correct.

Counsel for respondents, in their brief, use the following language: "There was no estoppel. The former case of Toohey against Campbell and Davis did not estop any one. *It did determine the truth, though,* and, having been determined in that case, it cannot be again questioned by the parties thereto or their privies." We agree with counsel's statement that no estoppel was involved. The record discloses that upon the trial plaintiff offered in evidence the judgment roll in the *Toohey Case.* This judgment roll is not contained in the record, but the purpose of the suit is recited as having been as follows: "This was an action to determine the right of plaintiff to an interest in a certain water ditch known as the 'Flannery Ditch,' and to establish his right to the use of said ditch, to transmit water to his premises or ranch, and to enjoin the defendants from interfering with the plaintiff's said use of said ditch for said purpose."

After this recital there is quoted, in full, paragraphs 5 and 6 of the complaint, and paragraphs 6 and 7 of the answer, in that suit. Then these additional recitals: "A restraining order was issued in said case, and served on N. S. Campbell on the 15th day of July, 1898, and Joseph Davis on the 16th of said month. One Benjamin Graham intervened in said suit. In the final decree the plaintiff, Toohey, established his right to the use of said ditch. The defendants, Campbell and Davis, had an undisputed right to the use of said ditch, through which to transmit their water which supplied their respective ranches; so, likewise, the intervener, Graham, had the undisputed right to use said ditch, and 142 inches of the waters of the East Gallatin river through said ditch. The plaintiff, Toohey, the defendants, Campbell and Davis, and the interevener, Graham, were made by said decree tenants in common in said ditch. The injunction or restraining order was modified on the 23d day of July, 1898, so as to allow only 50 inches of water to flow down to the plaintiff." From this showing in the record we cannot say that the judgment established or found that the defendants in that suit deprived the plaintiff of *all* water. We are bound by the recital in the record as to the purposes for which the suit was brought. Any interference with the rights of the plaintiff claimed and sought to be established and protected would have justified a judgment establishing such rights and protecting them against future interference by the injunction. It is quite apparent from the fact that the record quotes in full certain paragraphs of the complaint and answer, and from the further fact that plaintiff's counsel requested the court to charge the jury as above quoted, that counsel did rely in the court below upon an estoppel arising from defendant's admissions in his answer, and not upon the proposition that the judgment was determinative as to those facts. They, therefore, cannot be heard to change their position in this regard for the first time in this court.

The court erred, as alleged, in the first specification.

2. Failure of Evidence. Inasmuch as the case must be re-

versed and a new trial had, we do not deem it advisable to comment upon this point, or to review the evidence presented in the record.

We therefore advise that the judgment and order overruling defendant's motion for a new trial be reversed, and the case remanded for a new trial.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order are reversed, and the cause is remanded for a new trial.

MR. JUSTICE HOLLOWAY, being disqualified, takes no part in this decision.