J. I. GILMAN and MAE E. GILMAN, Appellants, v. MATT WEISER and others, Appellees.

**Justice of Peace:** ADJOURNMENTS: REGULARITY OF PROCEEDINGS. A Justice of the Peace may not on his own motion continue a cause for more than three days, but having acquired jurisdiction he may at the request of either party for good cause continue it for a longer period, though no formal motion is filed, noting simply the order upon his docket with a statement at whose instance and for what time; and a defendant having appeared and procured one continuance is bound to take notice of a second continuance granted at plaintiff's request although ordered in his absence. The record in the instant case shows that the continuances were properly made at the instance of the parties and not on the motion of or for the convenience of the court.

*Appeal from Dickinson District Court.*—HON. D. F. COYLE, Judge.

THURSDAY, DECEMBER 17, 1908.

ACTION in equity to enjoin collection of judgment. Bill dismissed, and plaintiffs appeal.—*Affirmed.*

*J. A. Henderson* and *Cory & Price,* for appellants.

*V. A. Arnold* and *Chas. I. Reigard,* for appellees.

WEAVER, J.—The defendant Waiser brought suit against the plaintiffs upon a promissory note before a justice of the peace in Dickinson County, Iowa. On the return day, May 29, 1906, the justice made an entry in his docket noting the appearance of counsel for the defendants (plaintiffs herein), and that upon his request further hearing of the cause was continued to May 31, 1906, at nine o'clock a. m. On the date last named the justice further noted upon his docket the appearance of the plaintiff (the defendant herein), and that upon his request the cause was again continued to June 5, 1906, at nine a. m. On said last adjourned date the defendants did not appear, and the justice entered judgment against them for the amount of the note in suit. A transcript of this judgment having been filed in the office of the clerk of the district court of Dickinson County, and an execution being issued thereon the judgment defendants (plaintiffs herein) instituted this action in equity to enjoin its collection.

The ground upon which this relief is demanded is that the justice of the peace in continuing the cause from May 28th to June 5th, a period of more than three days, acted in excess of his authority, and thereby lost jurisdiction to try said cause or enter a valid judgment therein. This contention is sought to be supported by reference to Code, section 4496, which reads as follows: "If for any cause the justice is unable to attend to the trial at the time fixed or if a jury is demanded he may adjourn the cause for a period not exceeding three days, nor shall he make more than two such adjournments." A disregard of this limitation upon his power has been held to deprive the justice of jurisdiction of the proceedings. *Telegraph Co. v. Boylan,* 86 Iowa, 90; *Brown v. Davis,* 59 Iowa, 641. The rule thus stated is concededly well established,

and the question here presented is whether the appellants have made a case to which it is applicable. The restriction by which the justice cannot properly adjourn the cause for a period of more than three days has special reference to adjournments ordered upon his own motion or for his own convenience. Either party may have a continuance not exceeding sixty days for the production of absent witnesses. Code, section 4497. So, also the parties may agree upon a longer continuance or even an indefinite continuance subject to proper notice of the time of trial to be subsequently fixed by the justice. *Cedar Rapids v. Rall,* 115 Iowa, 335.

We have then to inquire whether the record before us discloses that the continuance from May 28th to June 5th was ordered upon the justice's own motion. This question, we are quite clear, must be answered in the negative. That the justice originally obtained jurisdiction of the defendants and of the subject-matter of the action is plain, for the action was upon a promissory note for an amount less than $100, and defendants appeared thereto by counsel, and jurisdiction having once been shown, there is a presumption that the subsequent proceedings were regular unless the alleged irregularity appears upon the face of the record, or there is an omission to make of record that which the law expressly requires shall be so entered. Code, section 4648. Now, the statute requires the justice to enter upon his docket every adjournment ordered with a statement at whose instance it is granted and for what time. Code, section 4484.

But it does not require that the cause or ground upon which the order is made shall be recorded. The record before us shows a literal compliance with this provision, for it recites the adjournment, the name of the party at whose request it was made, and the time for which it was made, and the presumption of which we have spoken requires us to assume that the motion or request of the

plaintiff for further time was based upon sufficient grounds, or at least upon ground which the court, acting in good faith, adjudged to be sufficient. It would have been entirely competent for appellants to have called the justice or other competent person knowing thereof to the witness stand, and shown by him, if such were the case, that no motion or request for the continuance was in fact made, and that the adjournment was ordered on the justice's own motion, thereby rebutting the presumption of regularity, but nothing of this kind was shown or attempted to be shown. No witness was called except one of the defendants, who testified, in substance, that said order of continuance was made without his knowledge or consent. He further stated that upon hearing of the judgment rendered against him he went to the office of the justice and asked to see all of the papers and records in this case, and was shown only the original notice, the note sued upon, and the docket entries. From this fact it is argued that no motion for continuance was ever filed in the case, or at least no motion in writing, and therefore the court was without authority to grant or order it.

There is nothing in the statute which requires motions for continuance of an action in justice's court to be made in writing, and we see no good reason why an oral application or motion for such an order may not be properly entertained. Justices' courts are not supposed to be trained in technical rules of pleading and practice, and trials are often conducted by the parties thereto in person or by persons other than lawyers, and it is a wholesome and well-established rule which overlooks mere informalities in the conduct of such tribunals, where no essential right or interest of either party suffers prejudice.

The fact that appellants were not present or consenting to the order of adjournment made on May 28th is not in our judgment material consideration. They had appeared to the action on the return day and had them-

selves procured the first adjournment, thus giving the court undoubted jurisdiction to proceed to try the case or make any proper order therein on the day then fixed, and, even though appellants failed then to appear or give express consent thereto, they were bound to take notice of the continuance ordered at the appellees' request. The judgment was regularly entered, and the appellants, having failed to appeal therefrom, are without remedy in equity to defeat its collection.

The decree of the trial court appears to be correct, and it is *affirmed*.