P. W. MOIR, Appellee, v. JOHN BOURKE, Appellant.

**Justices of the peace:** SUBMISSION OF CAUSE: CONTINUANCE: JURIS-
DICTION.   Where a justice court took a case under advisement
at the close of the evidence, the parties agreeing to make their
argument in the form of written briefs to be filed later, there
was not a final submission at the time the case was taken under
advisement, so as to require the entry of judgment within three
days thereafter, but rather a postponement until the filing of
briefs: Nor did the justice lose jurisdiction on the ground of an
indefinite adjournment, as it was competent for the parties to agree
to a continuance to a time to be fixed by the justice.

*Appeal from Plymouth District Court.*—HON. DAVID
MOULD, JUDGE.

THURSDAY, OCTOBER 17, 1912.

*T. M. Zink,* for appellant.

*Sammis & Bradley,* for appellee.

EVANS, J.—We quote from appellant's brief the fol-
lowing sufficient statement of the case:

The appellee began his action before M. B. Tritz, a
justice of the peace, to recover judgment against the appel-
lant for the sum of $20 for the services of a stallion.  The
parties appeared before said justice, where a trial was had,
and what is· named a judgment was rendered by said jus-
tice against the appellant for the sum claimed and interest
and costs.  The record of the justice of the peace, which is
all there is in this action, shows that the trial was had on
the 5th day of August, 1911, and that the following entries
were made by the justice on his docket, to wit:  'On this
5th day of August, 1911, this cause coming on for hearing,
both parties will appear with their attorneys.   Defendant

denies allegations in suit. Evidence introduced by both parties and the attorneys on both sides agree to file a brief in said cause, and the court took the cause under advisement. August 7, 1911, plaintiff's attorney files brief. August 12, 1911, defendant's attorney files brief. August 12, 1911, after hearing the evidence and examining the brief of both parties and the court being advised in the premises, it is ordered and adjudged by the court that the plaintiff have and recover of the defendant judgment for the sum $20 with 6 percent interest per annum from date, together with the costs of this action taxed at $19.35.' The appellant sued out a writ of error from the district court on the ground that the justice did not render judgment within three days as required by the statute. Return was made by the justice, and the district court dismissed the writ of error, saving exceptions to the appellant, from which judgment appellant brings this appeal by virtue of a certificate of the trial judge duly certified, signed, and filed.

The specification of error set out in the affidavit for a writ of error to the justice of the peace is as follows: "and the said justice of the peace did not render or enter judgment in said action within three days from the date of submission of said action to him for final decision and judgment as required by section 4522 of the Code of Iowa, and did not render judgment therein until August 12, 1911." Section 4522 of the Code is as follows: "Judgment Entered. In cases of dismissal, or of judgment by confession or on the verdict of the jury, the judgment shall be rendered and entered upon the docket forthwith. In all other cases, it shall be done within *three days after the cause is submitted to the justice for final action.*"

The question, therefore, presented to us by the affidavit for writ of error and the return thereto is whether the cause was "submitted to the justice for final action" on August 5, 1911. The contention of appellant is that the words "the court took the cause under advisement" should be peremptorily construed as the equivalent of a submission

"for final action." . The entire record must be construed together. It is made to appear therefrom that all the evidence was heard on August 5th. It is also made to appear that neither party waived his argument. It is further made to appear that both parties agreed to make their argument in the form of written briefs to be filed later. It would seem clear, therefore, that the cause was not submitted "for final action" that day. Either party could have insisted upon a definite date to be fixed for the submission of the case, but this was not done. It is doubtless true also that either party, upon notice at least, could have come in at a later date and insisted upon an immediate argument and a final submission of the case, but this was not done.

It is argued by appellant that, if the action of the court on August 5th was not a submission, then it was an adjournment of the case for an indefinite time, and that it lost jurisdiction thereby. Authorities are cited, but they do not quite reach the point. This specification of error is not contained in the affidavit for a writ, and it may be that it is beyond our jurisdiction to consider it for that reason. It is sufficient, however, to say that it was expressly held in *Gilman v. Weiser,* 140 Iowa, 556, that "the parties may agree upon a longer continuance or even an indefinite continuance subject to a proper notice of the time of the trial to be subsequently fixed by the justice." See, also, Cedar Rapids v. Rall, 115 Iowa, 335. The case of *Iowa Telephone Co. v. Boylan,* 86 Iowa, 92, cited by appellant, did not involve an adjournment by agreement. A fair interpretation of the record before us discloses an agreement to postpone the submission "for final action" until after the filing of briefs by the respective parties.

The judgment of the trial court is therefore—*Affirmed.*