## LONGMEYER v. LAWRENCE *et al.*

No. 4572. Opinion Filed July 13, 1915.

Rehearing Denied August 3, 1915.

(150 Pac. 905.)

1. **STIPULATIONS—"Agreed Statement of Facts"—Requisites.** Where a case is tried upon an agreed statement of facts, such agreed statement is analogous to a special verdict, and must state the ultimate facts of the case, and not merely the evidence which would prove such facts.

2. **APPEAL AND ERROR—Disposition of Cause—Agreed Statement of Facts—Contradictory Statements.** Where, in such case, the stipulation of facts contains a statement of important facts directly contradictory, a new trial will be directed.

(Syllabus by Devereux, C.)

*Error from District Court, Murray County;*
*R. McMillan, Judge.*

Action by F. J. Longmeyer against J. D. Lawrence and others. Judgment for defendants, and plaintiff brings error. Reversed, and remanded for new trial.

This case was tried entirely on an agreed statement of facts. The second paragraph is as follows:

"That letters of guardianship were issued to E. O. Loomis over the person and estate of said Pitman Peter, by the county court of Johnston county, Okla., being the county of the domicile of said Pitman Peter as shown by certified copies of said letters, which are hereto attached, made a part hereof, and marked 'Ex-

hibit C'; that at the time said petition for appointment was filed the county court made an order that notice of the application for appointment be given by posting said notice in three public places in Johnston county, and that said notice was given as required by order of said court. That there was filed with the petition for the appointment of E. O. Loomis as guardian an instrument purported to be signed by Pitman Peter, which in effect related that he, the said Pitman Peter, was over the age of 14 years, and requesting the court to appoint the said E. O. Loomis as guardian."

The sixth paragraph of the purported agreement is:

"That, as to the stipulations on the part of the defendants contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, and 9, thereof, it is admitted that proof on the part of the defendants could be made to establish the facts as stated therein, but that the facts therein stated are irrelevant, incompetent, and immaterial to the issues by and between the parties."

In a further stipulation, denominated "Stipulations by the defendant," but signed by counsel for both sides, it is agreed that Pitman Peter had no notice, either verbally or by legal process, that Loomis was to be appointed guardian; that he knew nothing of the application; that he did not, in writing, accept or choose Loomis as his guardian; and that in fact no notice of the application for the appointment of Loomis as guardian was ever given. The trial court rendered judgment for the defendants, and the plaintiff brings the case to this court by petition in error and case-made.

*H. A. Ledbetter,* for plaintiff in error.

*George I. Jordan* and *Stephen C. Treadwell,* for defendants in error.

Opinion by DEVEREUX, C. (after stating the facts as above).. When a case is tried on an agreed statement

of facts, it is the duty of the trial court, and of this court on appeal, to apply the law to the facts as agreed upon, but when there is a direct conflict on material facts, how is this possible? In Black's Law Dictionary, p. 55, it is said that an agreed statement of facts upon which the judgment is founded is analogous to a special verdict. Such agreed statement of facts must state the ultimate facts of the case, presenting only questions of law, and not circumstances which may tend to prove the ultimate facts. *Raimond v. Terrebonne Parish,* 132 U. S. 192, 10 Sup. Ct. 57, 33 L. Ed. 309; *Burr v. Des Moines Co.,* 1 Wall. 99, 17 L. Ed. 561; *Norris v. Jackson,* 9 Wall. 125, 19 L. Ed. 608; *Martinton v. Fairbanks,* 112 U. S. 670, 5 Sup. Ct. 321; 28 L. Ed. 862; and *Wilson v. Merchants' Loan & Trust Co.,* 183 U. S. 121, 22 Sup. Ct. 55, 46 L. Ed. 113.

Obviously the purported statements in this case do not conform to these requirements. On a very material matter, as above shown, there is a direct contradiction, and the only admission as to other purported admitted facts is that the defendants could introduce evidence to prove them. On this state of the record, we must decline to decide the very interesting questions presented.

We therefore recommend that the judgment be reversed, and the cause remanded for a new trial, and that the former opinion rendered herein be withdrawn and the present one substituted.

By the Court: It is so ordered.