McCARTHY, Respondent, *v.* EMPLOYERS' FIRE INSURANCE CO., Appellant.

(No. 7,242.)

(Submitted September 26, 1934. Decided October 13, 1934.)

[37 Pac. (2d) 579.]

542

Messrs. *Frèeman, Thelen & Freeman,* for Appellant, submitted a brief; *Mr. J. P. Freeman* argued the cause orally.

*Messrs. Molumby, Busha & Greenan,* for Respondent, submitted a brief; *Mr. Philip G. Greenan* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The defendant, Employers' Fire Insurance Company, has appealed from a judgment rendered against it and in favor of Mrs. T. B. McCarthy on a policy issued to the plaintiff by the defendant, covering an automobile of the alleged value of $1,500, which was destroyed by fire on December 5, 1928.

Action to recover on the policy was instituted October 10, 1929. The complaint alleged that the policy was in full force and effect at the time of the fire, and that the insured had complied with all of the conditions of the policy by her to be kept and performed, including notice of loss, demand and the like, and that the defendant company took possession of the wreck of the car after the fire but refused to pay the loss.

Manifestly, issue was joined, as the case was set for trial for November 25, 1931. On November 24 defendant, by leave of court, filed an amended answer, setting up three special defenses to the action, the only one of which, important here, being that the insured had, without the assent of the insurer, mortgaged the car to secure the payment of a note for $100, which action rendered the policy void under its terms. On November 25, plaintiff replied, alleging waiver of the condition of the policy by taking possession of the wrecked car immediately after the fire and retaining it after discovery of the existence of the mortgage, which discovery is alleged to have been made immediately after the fire; estoppel to deny liability, and failure to return, or offer to return, the unearned premium, constituting a waiver and election to consider the policy in force. The reply further alleged that on January 27, 1930, the defendant filed an answer asserting its intention to declare the policy void, but failed and neglected then to return the car or return, or offer to return, the unearned premium.

The defendant demurred to the reply, which demurrer was overruled, whereupon the case was called for trial. It was then stipulated between counsel for the parties that a jury trial would be waived and that the cause would be submitted to Judge H. H. Ewing on an agreed statement of facts, Judge W. H. Meigs, in whose department the case was pending, being then seriously ill. A purported agreed statement was drawn, signed and filed with the clerk of the court on May 31, 1932, and thereafter the plaintiff filed her brief and a request for findings of fact and conclusions of law, and the defendant filed a brief and a request for the adoption of conclusions of law tendered; the plaintiff filed a reply brief.

The agreed statement, as filed, called for the consideration of six "exhibits," which it recited are "hereto attached * * * and made a part hereof"; these exhibits were not attached to the statement and were not filed with the clerk until August 11, 1932, and thereafter "Exhibit B" seems to have disappeared.

Judge Ewing made no disposition of the cause; instead, it was set down for trial and came on for trial on June 6, 1933, before a jury, Judge C. B. Elwell presiding in the stead of Judge Meigs, incapacitated by illness. At the opening, counsel for defendant objected to the impaneling of a jury and to the introduction of testimony, on the ground that the cause had "already been submitted to the court upon an agreed statement * * * , which is binding on the court, and that it is the duty of the court to render judgment upon the agreed statement." Counsel asked leave to submit proof in support of the motion, and, leave being granted, J. P. Freeman, of counsel, was sworn, outlined the history of the case and introduced the agreed statement, the briefs filed, and the exhibits which should have been attached to the statement, in evidence. It appears from the cross-examination of this witness that, at some time prior to the trial, Judge Ewing had informed respective counsel that, because of reference in the statement to the pleadings and the fact that an important exhibit was missing, the statement was insufficient to warrant a decision, and he would not consider it. Counsel then sought to redraft the statement to meet the objections, but failed of agreement.

Judge Ewing was called as a witness for the plaintiff; he testified that, because of the fact that the statement made the answer a part of the statement, and because an exhibit purporting to show the nature of the authority of an agent for the company was missing, he deemed the statement insufficient on which to base a decision. He said, "I came to the conclusion * * * that there were not sufficient facts stipulated to for me to decide, and I so informed counsel." There was some dispute as to how long "Exhibit B," the certificate of the agent's authority, had been in the files; it was shown to Judge Ewing, who testified that—while on the witness-stand—was the first time he had ever seen it.

On the showing made, the court overruled defendant's objections and impaneled a jury. Over the objection that the cause had been submitted, the plaintiff was permitted to make her proof in the course of which she showed that the wreck of the

car was taken to a Great Falls garage on direction of the agent of the defendant, and that within five days thereafter the defendant learned of the mortgage from the mortgagee, and learned that it had not been satisfied. The plaintiff further showed that, notwithstanding its full knowledge of the mortgage by the 10th of December, defendant, on the eleventh day of February following, compelled the plaintiff to appear at the office of its counsel and testify respecting the fire, the ownership of the car and concerning the mortgage, and that, in doing so, she incurred expense in the employment of an attorney to represent her during the inquiry. She testified that at no time subsequent to the fire did the agent of the company, or anyone else for it, notify her ''that they were not going to pay the insurance policy,'' but that she learned of the company's position through outside sources. The plaintiff introduced the policy in evidence, proved prompt notice of the fire and timely filing of proof of loss and claim, and that the car was worth from fifteen to sixteen hundred dollars at the time of its destruction; that the front part of the car was not burned and that it had some salvage value; that the car was not returned to her, nor did the company offer to return the unearned premium. Plaintiff rested. The defendant then, as its defense, again introduced in evidence the agreed statement of facts and the six exhibits therein referred to, and then, in the absence of the jury, introduced further testimony respecting the attempt to induce Judge Ewing to dispose of the case on the agreed statement. It then moved for an instructed verdict on the ground that the policy became void on the execution of the mortgage in violation of the terms of the policy. However, before counsel for defendant had completed his motion, counsel for the plaintiff asked leave to amend the reply ''to conform to the proof in this respect,'' by adding ''a further separate and complete reply,'' which is that ''the defendant, within a few days after the fifth day of December, 1928, discovered the existence of the mortgage * * * and that the same was unpaid, * * * and thereafter with full knowledge that said car

was encumbered by said mortgage, directed the plaintiff to furnish the defendant a sworn proof of loss and caused the plaintiff to appear before the attorney for the defendant and give testimony under oath, and caused her the expense of hiring an attorney to prepare proof of loss and representing her at the time of taking testimony and before the representative of the defendant, and by reason of said facts they waived the defense that the automobile ✸ ✸ ✸ was encumbered, ✸ ✸ ✸ and by reason of said facts is estopped now to assert that said policy is void or voidable.''

The defendant objected to the granting of leave to amend only ''on the ground and for the reason that it comes at such a stage of the proceedings that it will probably be necessary for the defendant to introduce additional evidence which is not available at the present time, and comes as a complete surprise,'' and defendant is ''not prepared to meet that matter as sought to be pleaded.'' The court granted the motion, and the amendment was made. Counsel for defendant did not ask for further time or for a continuance on the ground of surprise, but thereupon completed his motion for a directed verdict, which motion was overruled.

The court instructed the jury to the effect that the only questions at issue and to be determined were as to whether there was a forfeiture of the policy by reason of the mortgage, and as to the damages to be awarded. As to the first question the court instructed the jury that the defendant claims a forfeiture, while the plaintiff ''asserts that, after the fire and after full knowledge of the facts ✸ ✸ ✸ the defendant waived the forfeiture and is now estopped to claim any forfeiture in this case.'' Further the court explained the defense on this ground alone and said: ''This forfeiture may be waived by the defendant, and if you find by a preponderance of the evidence that the defendant, with knowledge that a cause of forfeiture existed, so conducted itself toward the plaintiff that the plaintiff was justified in believing that the right of forfeiture would not be invoked, and thereby led the plaintiff into the expenditure of time and money in presenting

her demands, * * * not taking into consideration, however, the bringing of this suit or the time or expense connected therewith, then you may find that the defendant has waived the right to insist upon a forfeiture." Verdict and judgment for the plaintiff followed, and defendant appealed from the judgment, without moving for a new trial.

Specifications of error numbered 1, 2 and 3 challenge the correctness of the court's ruling on defendant's objections to the impaneling of the jury and to the introduction of testimony, and on its motion for a directed verdict, all on the ground that the case had been submitted on an agreed statement of facts and it was the duty of the court to render judgment on the statement "and not otherwise."

Specification No. 4 predicates error on the denial of the motion for a directed verdict on the ground that it affirmatively appears "from the agreed statements of facts" that the car was mortgaged, contrary to the express prohibition of the policy, which is that no mortgage should be placed thereon without the written consent of the defendant attached to the policy.

The fifth and last specification is based on the overruling of defendant's demurrer to the reply, it being asserted that thereby plaintiff was attempting to plead waiver and estoppel, not set forth in the complaint, thus constituting a departure from the allegations of the complaint.

On the first question presented for our consideration, it is ▮▮▮ true that on November 25, 1931, it was agreed between counsel, and understood by the court, that the case was to be submitted on an agreed statement of facts, and that thereafter opposing counsel agreed upon and filed a statement and did all they thought necessary, at the time, for such submission, but a case is not "submitted" to the court sitting without a jury, until all that is necessary to a decision is before the court, and the court has taken the matter under advisement. (*Moir* v. *Bourke*, 156 Iowa, 612, 137 N. W. 921; *Mosehauer* v. *Jenkins*, 128 App. Div. 825, 112 N. Y. Supp. 1038; *MacDermot* v. *Grant*,

181 Cal. 332, 184 Pac. 396; *Aetna Life Ins. Co.* v. *Hamilton County,* 79 Fed. 575, 25 C. C. A. 94; *Warner* v. *Warner,* 83 Kan. 548, 112 Pac. 97; *St. Louis Board of Education* v. *United States Fidelity Co.,* 155 Mo. App. 109, 134 S. W. 18.)

When a case is tried "and submitted" on an agreed statement of facts, the statement becomes the court's findings of fact and has the effect of a special verdict, and judgment must be pronounced thereon, and, in doing so, the court is bound by the stipulation. (Sec. 9372, Rev. Codes 1921; *Conklin* v. *Cullen,* 25 Mont. 214, 64 Pac. 502; *Jenkins* v. *Newman,* 39 Mont. 77, 101 Pac. 625; *Yellowstone County* v. *First Trust & Sav. Bank,* 46 Mont. 439, 128 Pac. 596; *Read* v. *Lewis and Clark County,* 55 Mont. 412, 178 Pac. 177; *Lewis* v. *Lambros,* 58 Mont. 555, 194 Pac. 152.) But, to sustain a judgment for plaintiff on an agreed statement of facts, the statement must show all the facts necessary to a recovery (*Billings Hardware Co.* v. *Bryan,* 63 Mont. 14, 206 Pac. 418), and must contain ultimate facts presenting only questions of law, and not circumstances which may tend to prove ultimate facts. (*Longmeyer* v. *Lawrence,* 50 Okl. 457, 150 Pac. 905; *Wilson* v. *Merchants' Loan & T. Co.,* 183 U. S. 121, 22 Sup. Ct. 55, 46 L. Ed. 113.) If, in the judgment of the trial court, the statement is not sufficient to enable the court to render judgment, the court may set aside the agreement and continue the cause for further proceedings. (*Powers* v. *Provident Institute,* 122 Mass. 443; *Ford* v. *Buchanan,* 111 Pa. St. 31, 2 Atl. 339; *Jones* v. *Integrity Trust Co.,* 292 Pa. St. 149, 140 Atl. 862; *Carr* v. *Lewis Coal Co.,* 96 Mo. 149, 8 S. W. 907, 9 Am. St. Rep. 328; *Field* v. *Chicago etc. Ry. Co.,* 21 Mo. App. 600; 1 R. C. L. 780; *State Ins. Co.* v. *Farmers' Mutual Ins. Co.,* 65 Neb. 34, 90 N. W. 997.)

Herein it is clear that the agreed statement was not sufficient, and Judge Ewing so informed counsel, and the record discloses that thereafter counsel sought, unsuccessfully, to come to an agreement upon ultimate facts in lieu of the agreement that the answer on file was made a part of the statement.

Counsel did not seek to compel Judge Ewing to perform the duty they contend rested upon him, but, when the cause was called for trial, insisted that it was the duty of the *presiding judge* to dispose of the case on the statement which Judge Ewing had rejected. On the court's refusal so to do, ▮▮▮▮ [5] · sel for defendant actively participated in the trial on its merits by introducing in evidence the exhibits (already before the court on their objections) on which they relied to establish their defense of forfeiture. Such participation in a trial, after exception taken, is said to be a waiver of the exception, of which the party cannot thereafter take advantage on appeal (3 C. J. 958; *Kittredge* v. *Race*, 92 U. S. 116, 23 L. Ed. 488; *Campbell* v. *Haverhill*, 155 U. S. 610, 15 Sup. Ct. 217, 39 L. Ed. 280; *Carle* v. *Oklahoma Woolen Mills*, 16 Okl. 515, 86 Pac. 66), but whether this rule be followed or not, the court did not err in proceeding to trial in the circumstances, nor in denying the motion for a directed verdict on the ground stated.

It follows that there is no merit in the contention that "under the agreed statement of facts," the defendant was entitled to a directed verdict; facts other than those stipulated were before the court raising a new issue as to waiver and estoppel, and, before the submission of the motion for a directed verdict, the plaintiff had, with leave of court, amended her reply to conform to those facts.

Finally, error is predicated upon the overruling of defend-▮▮ ant's demurrer to the reply, based on the ground that the pleading therein of matters of waiver and estoppel constituted a departure from the case made by the complaint. In the condition of the record it would seem that, if error was committed in this respect, it does not constitute reversible error, as it did not affect the trial of the case or the verdict and judgment; hence did not affect the substantial rights of the defendant. As noted above, the plaintiff did not rely upon the grounds of waiver and estoppel set up in the original reply, but rather upon those alleged in the "further, separate and complete reply" filed by leave of court at the ·close of the case "to conform to the proof," and the question of

waiver and estoppel was submitted to the jury solely upon the allegations and proof of this defense to the charge that the policy was voided. Defendant realized at the time of its offer that this proof was not within the issues presented by the original pleadings, for it was objected to on that ground, but error is not predicated on its admission, and while defendant objected to the amendment to the reply setting up the new matter as a waiver or estoppel, it did not do so on the ground that such matter constituted a departure. The objection interposed merely constituted ground for a motion for continuance, which was not thereafter made, and the ruling thereon cannot now be reviewed. (*Miller* v. *Matheson*, 28 Mont. 132, 72 Pac. 414; *Sanford* v. *Newell*, 18 Mont. 126, 44 Pac. 522.)

The defendant did not question the sufficiency of this "further reply" by demurrer or otherwise; on the contrary, counsel at the time of its filing treated it as sufficient and secured the order of the court that its allegations be deemed denied; consequently, the sufficiency of this reply cannot now be questioned. (*State ex rel. Hahn* v. *District Court*, 83 Mont. 400, 272 Pac. 525.) Counsel's argument as to the insufficiency of the reply deals, in the main, with the allegations of the original reply, raising questions not submitted to the jury. However, we are of the opinion that the court did not err in overruling the demurrer to the original reply on the ground urged.

The function of a reply is to join issue on a counterclaim or new matter by way of defense appearing in the answer, and therein the plaintiff may set up "any new matter, not inconsistent with the complaint, constituting a defense to such counterclaim or new matter in the answer" (sec. 9158, Rev. Codes 1921), or to avoid the effect of new matter alleged as a defense (*Buhler* v. *Loftus*, 53 Mont. 546, 165 Pac. 601). Thus it is clear that the reply cannot aid the complaint by supplying omissions therein or broadening its scope by adding new grounds of relief, or permit the plaintiff to take a position inconsistent with that taken in the complaint. (*Flannery* v. *Campbell*, 30 Mont. 172, 75 Pac. 1109; *Doornbos* v. *Thomas*,

50 Mont. 370, 147 Pac. 277; *Buhler* v. *Loftus*, above.) Any such allegations in the reply constitute a departure from the case made in the complaint.

There is considerable authority for the rule, contended for by the defendant, that "where the complaint alleges general performance of the duties or conditions precedent imposed upon the plaintiff by the contract, a departure from the original pleadings results where facts constituting a waiver, estoppel or excuse for nonperformance are pleaded by way of reply." If the facts so set up relate to *conditions precedent*, there is some foundation for the rule, on the theory that the two grounds of alleged liability are inconsistent. However, Roger W. Cooley declares that "a plaintiff does not change his cause of action by substituting allegations of waiver of a breach of conditions precedent for a general denial thereof. Nor are allegations in a petition of waiver of such a defense inconsistent with the statutory allegation that all conditions on insured's part have been duly performed. Insured may properly assume that reliance will not be placed upon conditions which have been waived." (6 Cooley's Briefs on Insurance, 2d ed., 4544, citing numerous cases in support of the text.)

In *German-American Ins. Co.* v. *Hyman*, 42 Colo. 156, 94 Pac. 27, 16 L. R. A. (n. s.) 77, it is said: "When to plaintiff's action upon the contract the insurer pleads a forfeiture for violation of a given restrictive clause thereof, plaintiff may plead in reply facts constituting a waiver * * * or an estoppel thereto. This is not bringing in by replication a new and different cause of action. There is no attempt to reform the policy and rest the recovery upon a new or different contract. The replication simply shows that the defendant has no right to plead or rely upon the alleged violation of that contract. If plaintiff recovers, he recovers upon the contract as it was originally written."

Certain of the reported cases invoke the rule on the theory that the allegations of the complaint as to performance must be considered as meaning such as have not been waived (for

example, see *Levy* v. *Peabody Ins. Co.*, 10 W. Va. 560, 27 Am. Rep. 598), while others rest their decision on the fact that the controverted condition was a condition subsequent (as here), while the complaint concerns only the performance of conditions precedent (see *Tillis* v. *Liverpool etc. Ins. Co.*, 46 Fla. 268, 35 So. 171, 110 Am. St. Rep. 89). (5 Cooley, above, 4548, where numerous cases holding that the setting up of waiver by reply did not constitute a departure are cited.)

In the *Tillis Case*, above, the facts were similar to those in the case at bar; the complaint pleaded the performance of the conditions imposed by the policy; the defendant pleaded the breach of a "promissory warranty or condition subsequent"; the plaintiff set up facts constituting waiver in its reply. The court held that "conditions subsequent are matters of defense, to be pleaded by the defendant, and it is not necessary that the plaintiff anticipate such defenses and negative them by averring performance" (citing cases); consequently the original averments related only to conditions precedent and the reply did not conflict with the complaint.

This reasoning is followed and the same result reached in Western *Reciprocal Underwriters' Exchange* v. *Coon*, 38 Okl. 453, 134 Pac. 22, wherein several former decisions of the supreme court of Oklahoma, cited by defendant in support of the rule for which it contends, were distinguished or overruled. The differentiation between conditions precedent and conditions subsequent is based upon sound reason. As to the first, the policy does not go into effect until they are performed; therefore, to state a cause of action, performance of these conditions must be alleged. As to the second, nonperformance may void the policy only if the insurer sees fit to take advantage of the dereliction of the insured; but unless it sees fit to assert a forfeiture, the plaintiff may recover. (See *Henderson* v. *Daniels*, 62 Mont. 363, 205 Pac. 964; *Smith* v. *Hoffman*, 56 Mont. 299, 184 Pac. 842.)

The latter is the better rule; it is supported by sound reasoning found in a substantial line of authorities, and there-

under we hold that, in the circumstances of this case, no error was committed in overruling the demurrer to the reply.

Judgment affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STEWART and ANDERSON concur.

MR. JUSTICE ANGSTMAN absent.