[Civ. No. 21018.   First Dist., Div. Three.   April 24, 1964.]

DIVISION OF LABOR LAW ENFORCEMENT, Cross-complainant and Appellant, v. WILEY BROOKS et al., Cross-defendants and Respondents.

Samuel S. Berman, Leon E. Gold, George K. Stein, Jr., and Effie Sparling for Cross-complainant and Appellant.

Charles R. Bell, Conrad L. Cox, Henry C. Spurr and W. H. Brunner for Cross-defendants and Respondents.

DRAPER, P. J.—A lumber mill agreed to pay Harvey Senter for logs delivered to it by him. Senter assigned to

Brooks and others amounts due and to become due under this contract. The assignments, and other claims, exceeded the sum due to Senter, and the mill filed this interpleader action, paid into court the amount due, and was discharged. Division of Labor Law Enforcement asserted the rights of four wage claimants, and Senter's four assignees pleaded their claims. The parties stipulated to the facts and submitted the case for decision "upon the pleadings ... and upon the facts" so stipulated. The trial court found that the assignments "are not invalid," and awarded the entire fund to Brooks and the other assignees. Division requested, but was denied, a finding as to the recording of notice of the assignments from Senter. Division appeals, asserting that the judgment must be reversed for insufficiency of the findings to support it.

■ The agreed statement here is of ultimate, and not evidentiary facts. It follows that the statement itself constitutes the findings, and formal findings are not required (2 Witkin, Cal. Procedure, 1835). ■ Thus the real issue is whether the agreed statement of facts is sufficient to support a judgment. If the issue of actual or constructive notice was properly raised, the statement is insufficient.

"[A]n assignment of an account shall be invalid as against any creditor of the assignor without actual notice unless notice of or of an intention to make the assignment" is recorded (Civ. Code, § 3018). The assignments to respondents appear to be "accounts" within this provision (Civ. Code, § 3017, subd. (1)), and appellant clearly is a creditor within the definition of that term as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent" (Civ. Code, § 3017, subd. (3)).

It follows that the issue of recording or of actual notice to the wage claimants is material, and a finding thereon should have been made, if the issue was raised at trial. Although its pleadings are ambiguous, appellant Division did assert lack of recording in its pretrial statement. The pretrial order adopts and incorporates "the positions of the ... parties ... as set forth in their pretrial statements." Thus the issue was before the trial court (Cal. Rules of Court, rule 216). Also, appellant's opening brief asserts that the issue was in fact argued to the trial court, and respondents' brief avoids denial of this claim, asserting only that the issue was not "tendered" by the pleadings and "was not present." Respondents did not appear at oral argument on appeal. Under these circumstances, and in light of appellant's formal

request for a specific finding, we must assume that the issue was raised.

If the agreed statement covered the issue, there would be no problem. But that statement is silent as to both actual notice and recording. Nor is this the normal case in which one party seeks to recover, and must fail unless it establishes its right to recovery. Rather, a fund inadequate to pay all claims has been deposited in court. It must be disposed of, but only to a claimant who establishes his own affirmative right. Nor does reference to the burden of proof of specific issues solve the problem. On the face of the code section, appellant seems required to show that the wage claimants had no actual notice, in order to bring itself within the class entitled to assert invalidity of the assignments and, once this is done, respondents would seem required to bring themselves within the exception by showing that notice was recorded.

Whether a court may refuse to accept submission of a case upon an inadequate agreed statement has not been decided in California. In other jurisdictions, the right and duty of such rejection has been recognized (*McCarthy* v. *Employers' Fire Ins. Co.*, 97 Mont. 540 [37 P.2d 579, 97 A.L.R. 292]; *Feist* v. *Fifth Avenue Bank*, 280 N.Y. 189 [20 N.E.2d 388]; *Graham* v. *Bayne*, 59 U.S. (18 How.) 60 [15 L.Ed. 265]; 3 Am.Jur.2d 740). The rule seems eminently reasonable. The parties should be required to amplify the record by further stipulation or by evidence.

Judgment reversed.

Salsman, J., and Devine, J., concurred.