STATE EX REL. SHORES, RELATOR, v. DISTRICT COURT
OF THE SECOND JUDICIAL DISTRICT
ET AL., RESPONDENTS.

(No. 1,905.)

(Submitted January 6, 1903.  Decided January 8, 1903.)

*Supreme Court — Writ of Supervisory Control — Issuance—*
*Remedy by Appeal.*

Code of Civil Procedure, Section 1742, provides that intermediate orders affecting
the judgment, and not otherwise appealable, may be reviewed on appeal from
the judgment.  In a trial of disbarment proceedings, a motion for post-
ponement, based on the absence of witnesses and the inability of counsel
to prepare the case in the short time given, was refused.  *Held,* that while
the denial of the motion might have been contrary to law, and while tem-
porary injustice might result therefrom, yet the supreme court would not
be justified in the exercise of its extraordinary supervisory power, in issu-
ing a writ to compel a postponement, since the error, if any, and if not
corrected during the course of the trial, or by a final favorable judgment,
would be reviewable on an appeal from an adverse one.

PETITION by the state of Montana, on the relation of Arthur
J. Shores, for a writ of supervisory control, to compel the dis-
trict court of the Second judicial district and another to grant
a postponement of disbarment proceedings.   Writ denied.

*Mr. C. F. Kelly, Mr. William Wallace, Jr., Mr. H. G. Mc-
Intire, Mr. C. B. Nolan, Messrs. Forbis & Evans,* and *Mr. J.
F. Vaile* (of the Colorado Bar), for Relator.

*Messrs. McHatton & Cotter,* and *Mr. Peter Breen,* for Re-
spondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion
of the court.

On November 19, 1902, there was filed in the district court
of Silver Bow county, by Edward W. Harney, one of the judges
of said court, an accusation, properly verified, charging Arthur
J. Shores, Esq., an attorney and counselor at law, with certain

criminal conduct, violative of his oath and duties as such attorney and counselor, and asking that he be removed from his office. The matter was assigned for trial to the department of the court presided over by John B. McClernan, one of the two other judges of the same court, who directed the statutory citation to issue. At that time the said Shores was absent from the state, and could not be served with the citation. He returned to the state during the month of December, and upon the 24th of that month was served with citation requiring him to appear and answer on the 30th. This he did. He denied all the allegations contained in the accusation justifying an inference of his guilt. Thereupon, over the objection of the accused, January 2, 1903, was fixed as the time for the hearing; the court having in the meantime appointed Peter Breen, Esq., county attorney of Silver Bow county, to act as *amicus curiae,* and present the evidence in support of the accusation. At the time appointed the accused appeared in person and by counsel, and moved for a postponement of the hearing, presenting in support of his motion affidavits of himself and counsel, from which it appeared that there were many witnesses whom it would be necessary for the accused to examine; that several of them (giving their names) reside out of the state, or were then absent therefrom; that there were no other witnesses who would testify to the same facts; that their testimony could be obtained if time should be allowed in which to take their depositions; and that counsel had up to that time had no opportunity to interview any of the witnesses, or otherwise to prepare the case by an examination of the evidence to be adduced by the accused. The testimony of the absent witnesses was set forth with particularity. It further appeared that one of the counsel employed by the accused was not then present, and could not be present until after the lapse of some time after the hearing had been in progress. Such counsel, it was stated, had had no opportunity to interview his associates, nor had he been able after his retention to devote any time to the study of the case with his associates, so that they could properly cross-examine the witnesses who would testify in support of the accusation, or present the evi-

dence of the accused in an orderly and consistent manner. The postponement was asked for a reasonable time,—not less than one month,—in order that suitable preparation might be made for the trial. Though no counter affidavits were presented by Mr. Breen, nor any other showing made setting forth any reason why the postponement should not be granted, the motion was denied, and the hearing forthwith begun. Thereupon the accused, through one of his counsel, filed his petition in this court for a writ under its supervisory power, directing the district court to vacate the order fixing the hearing for January 2d, and to grant a postponement of the hearing for a reasonable time. The petition was accompanied by a copy of the record of the proceedings had in the district court up to the time the motion for postponement was made, and there is no controversy but that the petition, with the copies attached, correctly presents the proceedings had up to that time. Under an order to show cause, issued by this court on January 2d, counsel representing the trial court appeared in this court on January 5th to resist the application, and filed a motion to dismiss the application on the ground that the petition did not state a case calling for interference by this court under the process invoked. This motion was denied *pro forma,* the court reserving a decision until after a hearing upon the merits. Thereupon counsel for the judge of the district court filed his answer, in which, while he did not controvert the statements contained in the petition, and the facts shown by the copy of the record attached thereto, he alleged various matters showing the reasons why he had not postponed the hearing. Among these reasons, it was stated that the order denying the postponement contained a statement that when the accused should be required to introduce his evidence, if it appeared that he could not procure the attendance of his witnesses, or secure their evidence by deposition, he would be granted an opportunity to do so, and that by inserting this statement in the order it was intended by the court that counsel for the accused should understand that they would be given every opportunity during the progress of the case to prepare their defense; it being deemed proper meanwhile, owing to the

crowded condition of the calendar, and expected press of other business as soon as a jury, which would shortly be called, would be in attendance, to proceed at once with the hearing, and to complete it, so far as possible, prior to that time. A copy of the order was incorporated in the answer.

After argument, and upon consideration of the questions involved, the court concluded that the motion was well made, and denied the writ. The order was entered on January 8th. The court at that time stated orally the reasons for its action, and deferred the delivery of a written opinion until a later date; the district court having in the meantime suspended the hearing to await the determination of the proceeding here.

Counsel for the relator argued that it was apparent from the petition that ample grounds were shown in the affidavits to move the district court to grant a postponement, and that a refusal of it was, under the circumstances, an arbitrary and gross abuse of discretion, amounting to a willful disregard of the provisions of law applicable. Conceding all this to be true, nevertheless the court was not willing to make a use of the extraordinary power invoked, which would amount to a practical disregard of its ordinary jurisdiction by appeal, and at the same time imply a conclusion on the part of this court that the trial court intended to do the accused a gross injustice. In *State ex rel. Whiteside* v. *District Court*, 24 Mont. 539, 63 Pac. 395, cited by counsel, we endeavored to define the various powers granted to this court under the constitution, and to point out that each has its appropriate functions. It is there said that the extraordinary power of supervisory control is independent of the other powers conferred, and was not designed by the makers of the constitution to infringe upon the functions of any of them. While the statute does not provide for an independent appeal from an order denying a postponement of a trial, such an order may be reviewed upon appeal if an exception to it is properly preserved. (Code of Civil Procedure, Sec. 1742.) If an injustice is done by the order, the judgment will be reversed. Ordinarily this relief is full and adequate. It was also said in the *Whiteside Case, supra*, that one of the functions of our

supervisory power is to "control the course of litigation in the inferior courts, where those courts are proceeding within their jurisdiction, but by a mistake of law, or willful disregard of it, are doing a gross injustice, and there is no appeal, or the remedy by appeal is inadequate." This language, taken without qualification, would cover the order complained of in the case at bar; but it must be borne in mind that the court was there speaking in general terms, without reference to the facts of a particular case to which the language was intended to apply. A particular application of it is aptly illustrated by the situation presented in the case of *State ex rel. Anaconda Copper Min. Co.* v. *District Court,* 25 Mont. 504, 65 Pac. 1020, where the order complained of was about to be executed, and, though the right to have it reviewed on appeal from the judgment existed, a reversal of the judgment would not amend the wrong done in the meantime by the execution of the order. In that case there would have been an invasion of the property rights of the relator prior to the trial and judgment in the district court, and the appeal, though it might have resulted in a reversal of the judgment, would have furnished no adequate remedy for the wrong already done. The order complained of here did not interfere with any property right of the relator; nor, by reason of it, is it apparent that he would suffer any immediate loss, either in property or his personal liberty. The want of opportunity to prepare for trial might be remedied by his obtaining the desired evidence, or by a judgment of the court in his favor. In either case there would be no just cause for complaint. To arrest the proceeding and compel a postponement would require this court to anticipate an adverse judgment by the trial court, while, if such result was to be anticipated, it will follow in any event, and a review on appeal be thus made necessary. It is true that an adverse judgment would perhaps fix the status of Mr. Shores with reference to his office in the meantime, so that he could not engage in practice; the statute apparently making no provision for a stay of the judgment. Still such, or a similar wrong, is one of the incidents of every erroneous judgment, and the possibility of its occurrence does not justify the interference

by this court in the proceedings prior to judgment; otherwise every manifest wrong during the course of a trial in a district court would justify such interference.   For example, if a district court should refuse to sustain a demurrer to an information or an indictment which did not state an offense, or to a complaint on the ground that it did not state a cause of action, when it did not, this would be a manifest wrong, yet this situation may and does frequently arise.   Interference in this case would open the door for a like interference in the cases used for illustration, with the result that this court would be constantly employed in the hearing and determination of applications like the one under consideration; thus rendering useless, in great measure, its appellate jurisdiction.   This may not be done.   If the judgment in the case should be adverse, an appeal from it would furnish a remedy as complete and adequate as the court can furnish in any case, and would be preventive of any wrong whatever except such as would be an incidental result of any erroneous judgment, for which, owing to the imperfection of human institutions, no remedy has as yet been devised, except to correct it. by the ordinary procedure in the trial court, or upon review by the appellate court.

Several other points were made and argued by counsel, but they were without merit, and are concluded by the foregoing observations.

Writ denied.

*Denied.*