STATE EX REL. CLARK, RELATOR, *v.* DISTRICT COURT
OF THE SECOND JUDICIAL DISTRICT
ET AL., RESPONDENTS.

(No. 2,072.)

(Submitted May 25, 1904.    Decided May 26, 1904.)

*Courts—Supreme Court—Supervisory Control Over District
Courts—Exercise—Remedy by Appeal—Adequacy.*

1.  By a rule of the district court of Silver Bow county, all matters of a
    criminal nature were to be heard in Department 3 of that court.   An
    accusation under Penal Code, Section 1531, was filed in Department 1, and
    the judge of that department denied an application for the transfer of the
    cause to Department 3.   *Held,* that the supreme court would not issue a
    writ of supervisory control to compel the removal of the case to Department
    3, where it did not appear that, if Department 1 should proceed to a
    determination of the accusation, accused would suffer any injury for which
    an appeal would not furnish an adequate remedy.
2.  The supervisory control power was vested in the supreme court, not for
    the purpose of interfering at every stage of the proceedings in the district
    court and directing the conduct of the business there, but only under extra-
    ordinary circumstances, where there is no other remedy and a party litigant
    is, by some wrong committed by the court, liable to suffer irreparable
    injury.

APPLICATION for a writ of supervisory control by the state,
on the relation of William D. Clark, against the Second judicial
district court and Hon. E. W. Harney, judge.   Writ denied.

*Mr. C. F. Kelley,* and *Mr. E. S. Booth,* for Relator.

MR. CHIEF JUSTICE BRANTLY delivered the opinion
of the court.

Application for writ of supervisory control.   Under one of
the rules adopted by the district court of Silver Bow county
for the dispatch of business, all criminal causes and all matters
of a criminal nature are assigned for hearing and determination
to Department 3 of said court.   The court consists of three de-
partments, each presided over by a separate judge.   About De-
cember 23, 1903, Hon. E. W. Harney, one of said judges, who

presides over Department 1 of the court, called a grand jury for the purpose of inquiring into the official acts of the various county officers of Silver Bow county, and such other matters as might fall within the cognizance of a grand jury. The jury was duly impaneled, and has been in session from time to time since December 23d until the present time. On April 23, 1904, the grand jury returned into court, and presented, for the purpose of having the same filed, an accusation charging the relator herein with official misconduct, and demanding that on account thereof he be removed from his office of county commissioner of Silver Bow county. Said accusation charged that the relator had been guilty of willful and corrupt misconduct and malfeasance in office, constituting criminal offenses under the Penal Code of the state of Montana, and justifying the court, if the charges were found to be true, in summarily removing the relator from office. Notice of the filing of said accusation was by the county attorney served upon the relator, together with a copy thereof, requiring him to appear before Department 1 of said district court, before E. W. Harney, judge, on May 13, 1904, to answer. At the time specified in the notice the relator appeared, and, by motion in writing, duly requested said Harney to make an order transferring the matter of the accusation to Department 3 of said court for all further proceedings to be had therein, in accordance with the rules of said court. This motion, after argument and consideration, was denied, and the said Harney thereupon proceeded to take jurisdiction and try said matter in Department 1.

It is charged in the petition that the action of said Harney in refusing to transfer the cause, and in assuming jurisdiction thereof, and in proceeding to hear and determine it in Department 1 of the said court, is in plain violation of the rule of court established to regulate proceedings in said court, and is a violation and abuse of judicial discretion, and that the said Harney is acting in excess of his lawful authority and jurisdiction as judge of said court. It is further alleged that relator has no plain, speedy or adequate remedy at law or by appeal, and that,

unless this court interferes by its supervisory power to compel said Harney to observe the rule prescribed for the assignment of the business of said court, he will continue to violate said rule, and proceed to hear and determine the cause in Department 1 of said court, to the prejudice, damage and irreparable injury of relator.

The only question presented is whether or not this court is justified in using its extraordinary power at this stage of the proceedings in the district court to compel the presiding judge to obey one of the rules of that court.

The accusation was presented against the relator under the authority of Section 1531 of the Penal Code. The chapter of that Code in which this section is found authorizes proceedings for the removal of district, county, township and municipal officers for corrupt misconduct or malfeasance in office, and prescribes the mode of procedure to be pursued. Section 1543, found in the same chapter, provides: "From a judgment of removal an appeal may be taken to the supreme court, in the same manner as from a judgment in a civil action, but until such judgment is reversed, the defendant is suspended from his office. Pending the appeal, the office must be filled as in case of a vacancy."

The theory of the relator's application is that when a district court has adopted rules, under the provisions of Section 111 of the Code of Civil Procedure, "for its own government and the government of its officers," such rules have the force and effect of statute law, and may not be disregarded by the judges or the officers. He relies upon the decisions of this court to support the position which he assumes. (*Montana Ore Purchasing Co.* v. *Boston & Montana C. C. & S. M. Co.,* 27 Mont. 288, 70 Pac. 1114; *State ex rel. King* v. *District Court,* 25 Mont. 202, 64 Pac. 352.) Assuming, without deciding, that the rule in question is so far binding upon the court as to give to litigants and those charged with crimes the right to be tried by one of the judges to the exclusion of the others, nevertheless we do not think that at this juncture in the proceedings this

court should interfere.   The power of this court now invoked was vested in it, not for the purpose of interfering at every stage of the proceedings in the district court, and directing the conduct of the business there, but only under extraordinary circumstances, where there is no other remedy, and a party litigant is, by some wrong committed by the court, liable to suffer irreparable injury.   In this case it does not appear that, if the court proceeds to a determination of the accusation, the relator will suffer any injury or wrong for which an appeal will not furnish him an adequate remedy.   It is true that, if found guilty, he will be ousted from office pending his appeal to this court, and such result will fix his status in the meantime.   The possibility of this result, however, does not justify this court in using its extraordinary power to grant him relief.   This court cannot anticipate that he will be convicted, or that during the progress of the trial he will not have afforded to him every opportunity to make his defense.   If it be prejudicial for Judge Harney to sit in the cause and try it in violation of the rule, such error would be available on appeal, and would result in a reversal of the judgment.

The application presents a question very similar to the one presented in the case of *State ex rel. Shores* v. *District Court,* 27 Mont. 349, 71 Pac. 159, in which this court was asked for a writ to compel the district court of Silver Bow county, Hon. John B. McClernan presiding, to vacate an order setting a disbarment proceeding for trial, and directing the district judge to grant a postponement to enable the accused to prepare for trial.   With reference to it, it was said: "If the judgment in the case should be adverse, an appeal from it would furnish a remedy as complete and adequate as the court can furnish in any case, and would be preventive of any wrong whatever, except such as would be an incidental result of any erroneous judgment, for which, owing to the imperfection of human institutions, no remedy has as yet been devised, execept to correct it by the ordinary procedure in the trial court, or upon review by the appellate court."

This view renders it unnecessary to decide how far the judges of the district courts may circumscribe and limit the discretion vested in them by law to regulate the arrangement of the calendar and the assignment of causes for hearing by the adoption of such a rule as the one in question.

The writ is denied.

*Writ denied.*