MANUEL, ADMINISTRATRIX, RESPONDENT, *v.* TURNER, ADMIN-
ISTRATRIX, ET AL., APPELLANTS.

(No. 2,498.)

(Submitted February 6, 1908.   Decided February 13, 1908.)

[93 Pac. 808.]

*Foreclosure—Judgment—Default—Extent of Relief—Stipula-
tions—Pleadings—Husband and Wife—Dower.*

Foreclosure—Default—Stipulation—Extent of Relief.
  1.  Where, in a foreclosure suit, the principal defendants entered into
  a stipulation with plaintiff that they had no defense, would file no an-
  swer, and that judgment might be entered against them in accordance
  with the prayer of the complaint, it was error for the court to direct
  in its decree not only the sale of the property and the application of
  the proceeds to the satisfaction of the mortgages, but also the appli-
  cation of the surplus to the satisfaction of judgments set up in plain-
  tiff's replication to the answer of another defendant, holding liens on
  the property, since, under section 1003, Code of Civil Procedure, and
  under the stipulation the decree should have been entered according
  to the prayer of the complaint.

Judgment—Pleadings to Sustain—Reply.
  2.  A judgment for plaintiff for affirmative relief cannot be based
  upon allegations which appear in the reply only.

Replication—Aiding Complaint.
  3.  The replication cannot be looked to to broaden the scope of the
  complaint or aid it in any way.

Dower—Judgment Against Husband—Effect.
  4.  The lien of a judgment against a husband is subject to the interest
  of his wife, whether arising from a tenancy in common with her hus-
  band or out of her right of dower.

Foreclosure—Complaint—Adjustment of Equities.
  5.  Where the complaint in a mortgage foreclosure suit stated that
  defendants other than the mortgagors had or claimed interests in or
  liens on the premises, as judgment or attaching creditors, but that their
  interests or liens were subordinate to plaintiff's mortgage, and de-
  manded that the priority of the mortgage lien be fixed and established,
  and that the liens of such other defendants be declared inferior to them,
  the court properly adjusted these equities in the decree.

*Appeal from District Court, Jefferson County; Lew L. Calla-
way, Judge.*

ACTION by Josephine Manuel, administratrix of Moses Man-
uel, deceased, against Dima S. A. Turner individually and as

administratrix of Davis C. Turner, deceased, and others.  From the decree, defendant, Turner appeals.  Modified and affirmed.

*Messrs. Galen & Mettler,* for Appellants.

The relief granted to the plaintiff if there be no answer cannot exceed that which he shall have demanded in his complaint. (Code Civ. Proc., sec. 1003; *Raun* v. *Reynolds,* 11 Cal. 19; *Gage* v. *Rogers,* 20 Cal. 91; *Lamping* v. *Hyatt,* 27 Cal. 102; *Gautier* v. *English,* 29 Cal. 165; *Parrott* v. *Den,* 34 Cal. 81.)  When the prayer of the complaint is for specific relief, plaintiff is confined to a recovery in strict accordance with what he has asked for.  (23 Cyc. 764, note 67, and cases cited; *Staacke* v. *Bell,* 125 Cal. 309, 57 Pac. 1012; *Mudge* v. *Steinhart,* 78 Cal. 34, 12 Am. St. Rep. 17, 20 Pac. 147.)

*Messrs. Word & Word,* for Respondent.

The provision of section 1003 of Code of Civil Procedure is a rule of procedure, and not a limitation on the jurisdiction of the court, and where the relief does go beyond that demanded in the complaint, as in cases where judgment is given for a greater sum than that asked for, the judgment is voidable and not void, and is not subject to collateral attack.  (*Harrison* v. *Union Trust Co.,* 144 N. Y. 326, 331, 39 N. E. 353; *Chase* v. *Christianson,* 41 Cal. 256; *Bond* v. *Pacheco,* 30 Cal. 530; *Jones* v. *Jones,* 78 Wis. 446, 47 N. W. 728; *Mach* v. *Blanchard,* 15 S. Dak. 432, 91 Am. St. Rep. 698, 90 N. W. 1042, 58 L. R. A. 814.) Section 1291 of the same Code gives the court the right, if there be surplus money remaining after payment of the amount due on the mortgage, lien or encumbrance, with costs, to cause the same to be paid to the person entitled to it.  This is but a declaration of the general rule of practice in courts of equity.

"It is proper and usual for the foreclosure decree to direct the manner in which the proceeds of sale shall be applied to the liens or charges on the property or apportioned among those entitled; but the omission of such a direction will not

necessarily invalidate it." (27 Cyc. 1645, citing *Taylor* v. *Ellenberger*, 134 Cal. 31, 66 Pac. 4; *Orange Bank* v. *Duncan*, 133 Cal. 254, 65 Pac. 469; *Bank of Ukiah* v. *Reed*, 131 Cal. 597, 63 Pac. 921; *California etc. Co.* v. *Miller*, 3 Cal. App. 54, 84 Pac. 453. See, also, Jones on Mortgages, sec. 1579; 9 Ency. of Pl. & Pr. 403; *Windt* v. *Gilleran*, 135 Cal. 94, 66 Pac. 970; *Hibernia Society* v. *London etc. Co.*, 138 Cal. 257, 71 Pac. 334; *Union Water Co.* v. *Murphy's Flat Co.*, 22 Cal. 620.) In view of the authorities cited, and the prevailing practice in courts. of equity in cases of foreclosure of mortgages, the relief granted in the decree in directing the distribution of the surplus funds, arising from the sale of the mortgaged premises, to the persons entitled, is not in excess of that demanded in complaint so as to bring this case within the prohibition of section 1003, *supra*.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to obtain a decree foreclosing three several mortgages upon lands situate in Jefferson county and described in the complaint, which were executed by Davis C. Turner and his wife, Dima S. A. Turner, to various persons to secure the payment of as many promissory notes, each one bearing the same date as the one of the mortgages intended to secure it. At the time of his death the plaintiff's intestate was the owner of all of these notes and mortgages. The second and third of the mortgages cover the lands described in the first, as well as others, but the record is silent as to what were the several interests of these defendants in any of them. The date of the third, and the junior, mortgage, was January 21, 1903. The other two were executed some years prior to that date.

The complaint contains three separate counts, each one setting forth the allegations necessary to warrant foreclosure. George M. Bourquin and the T. C. Power Company were made defendants; it being alleged that they each claimed some interest in or lien upon the mortgaged property as judgment or at-

tachment creditors or otherwise, but that their interests were subject and subsequent to the liens of plaintiff's mortgages. The prayer demands the usual decree of foreclosure as against the Turners, husband and wife, that the priority of plaintiff's mortgage liens over those of George M. Bourquin and the T. C. Power Company be fixed and established, that the property be sold to satisfy plaintiff's mortgages, and that the plaintiff have such other and further relief as to the court may seem just and equitable.

The action was brought on March 6, 1906. After being served with summons, the Turners filed a general demurrer. This was on March 21st. On April 24th they entered into a stipulation with plaintiff, in which it was agreed that all the allegations of the complaint were true; that the Turners had no defense and would file no answer; that their demurrer might be overruled; that their default might be entered on or after July 11, 1906; and that at any time after that date judgment might be entered against them in accordance with the prayer of the complaint, unless the amounts due on the several promissory notes had been paid. Default was entered against them on July 13th, no payment having been made. In the meantime, on March 14th, the defendant Bourquin filed his answer, admitting the truth of the allegations of the complaint, and alleging that he was the owner of a judgment against Davis C. Turner which had been recovered on February 2, 1904, and was a lien upon the property described in the complaint. He asked that the surplus remaining after the satisfaction of plaintiff's mortgages be applied to the satisfaction of his judgment. The defendant T. C. Power Company filed its answer on April 18th. It is alleged that on October 16, 1902, it brought its action against Davis C. Turner in the district court of Lewis and Clark county; that it caused an attachment to be issued therein, directed to the sheriff of Jefferson county, and to be levied upon all the lands described in the complaint; that thereafter a judgment was given and made in said action in its favor for $103.85; and that thereafter a transcript of said judgment was filed in

the office of the clerk of the district court of Jefferson county, and thus became a lien upon all of said lands from the date of the levy of the attachment, paramount to plaintiff's lien under said mortgages. The prayer demanded that upon final decree its lien be adjudged paramount to that of plaintiff, and that its judgment be first paid out of the proceeds of the sale of the property.

The allegations of Bourquin's answer were not controverted by anyone. To the answer of the T. C. Power Company the plaintiff filed a replication, in which, after putting in issue many of the material allegations thereof, it is alleged, "as separate defenses, cross-complaints, and counterclaims," (1) that on February 6, 1901, a judgment was duly given and made by the district court of Lewis and Clark county in favor of the Thomas Cruse Savings Bank, a corporation, against the defendant Davis C. Turner for $610.05; that thereafter a transcript of this judgment was filed and docketed in the office of the clerk of the district court of Jefferson county; that said judgment thus became a lien upon the property described in the complaint; that thereafter Moses Manuel, plaintiff's intestate, became the owner thereof by assignment; that the same came into the hands of the plaintiff as his administratrix, and that it remains wholly unpaid; and (2) that on September 22, 1902, one Arthur J. Craven brought an action in the district court of Lewis and Clark county against Davis C. Turner and Dima S. A. Turner; that he caused an attachment to issue therein, directed to the sheriff of Jefferson county, and to be levied upon the interests of said defendants in the lands described in the complaint; that thereafter such proceedings were had in the cause that on November 8, 1902, judgment was duly given and made therein in favor of said Craven and against Davis C. Turner for $302.50; that on November 10, 1902, a transcript of the judgment was duly filed and docketed in the office of the clerk of the district court of Jefferson county; that thereafter Moses Manuel, plaintiff's intestate, became the owner thereof by assignment by said Craven; that it came into the hands of plaintiff, as the adminis-

tratrix of said Manuel; that it was wholly unsatisfied; and that both judgments are liens upon the property described in the complaint paramount to the judgment lien of the T. C. Power Company. The prayer demands judgment in accordance with the prayer of the complaint.

The court found (1) that the mortgage set forth in the first count of the complaint was a first lien upon all the lands described therein; (2) that the one set forth in the second count was a second lien upon the same lands and a first lien upon the other lands described therein; (3) that the liens of the Cruse Savings Bank and the Craven judgments, and also of the T. C. Power Company judgment, followed next in the order in which they are here enumerated; (4) that plaintiff was entitled to have satisfaction of her third mortgage after the satisfaction of these judgments; and (5) that the lien of the Bourquin judgment should be satisfied out of any surplus thereafter remaining. A decree was entered directing the property to be sold, and the proceeds, after the payment of costs including attorney's fees for foreclosure, be applied to the satisfaction of the different liens in the order mentioned. Pending the action, Davis C. Turner died intestate, and Dima S. A. Turner, having qualified as his administratrix, was substituted as defendant in his stead. She has appealed from the decree both as administratrix and in her own right.

As heretofore stated, it does not appear what the respective interests of Davis C. Turner and Dima S. A. Turner were at the time the various mortgages were executed by them and the judgments against Turner were obtained. It is a matter of no importance, however, so far as it has to do with the contention made by the appellant. If it be assumed that she has only a dower interest, the decree is open to attack on some of the grounds which are urged against it by the appellant. As to the Turners, the decree was entered by default. Under the stipulation between the plaintiff and the Turners, it should have been entered in accordance with the prayer of the complaint. This should have been done in any event, for the statute applicable

(Code Civ. Proc., sec. 1003) declares: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue." Now, the complaint neither in its allegations nor in the prayer contains any reference to plaintiff's two judgments. For this reason the court could grant no relief with reference to them, and so far as it did undertake to do so, the decree is beyond the purview of the demand made in the complaint, and is, to this extent, erroneous. Nor is it aided in the least by the fact that the Turners stipulated for its entry. Plaintiff was bound by the stipulation, and could not demand anything further than was contemplated by its terms. Indeed, judging from the terms in which it is couched, the parties seem to have had in mind the provisions of the statute. In any event, the decree could go no further, in the extent of the relief granted, than the stipulation provided. Again, these judgments make their appearance in the case in plaintiff's replication to the answer of the defendant T. C. Power Company. This being so, they could not be made the basis of relief against the Turners; for the replication cannot be looked to to broaden the scope of the complaint or aid it in any way. Nor can a judgment for plaintiff for affirmative relief be supported upon allegations which appear in the reply only. (*Thornton* v. *Kaufman,* 35 Mont. 181, 88 Pac. 796; 6 Ency. of Pl. & Pr. 461.) Further, the defendants could not anticipate that any issue would arise in the case between the plaintiff and the T. C. Power Company as to these judgments, which would in any way affect their rights, or that they would be brought into the case at all. Much less could they have anticipated that their validity as liens against the interest of Dima S. A. Turner would be declared in the decree. If she had the title to the land they were not liens at all. If her interest was only her right of dower, still they could not be declared valid liens against the property so as to defeat this right; for, though, so far as the mortgages were concerned, she had waived her

right of dower, the lien of any judgment against her husband was subject to her claim in the surplus remaining after the mortgages had been satisfied. (*Dahlman* v. *Dahlman,* 28 Mont. 373, 72 Pac. 748; Civ. Code, sec. 228.) In its consideration of the case the court should have eliminated those judgments altogether.

The decree is erroneous, also, in directing the satisfaction of the T. C. Power ·Company judgment out of the proceeds of the sale, without regard to the interest of the wife. While the decree correctly declared the lien of this judgment superior to the lien of the third mortgage, it could in no event attach as such ·except to the interest of the husband. It did not attach to the interest of the wife, whether such interest arose out of the ownership of the whole property by her or a tenancy in common with her husband, or out of her right of dower. The same may be said of the lien of the Bourquin judgment upon the surplus remaining after all the other liens were satisfied. His judgment being against Davis C. Turner alone, he had a lien upon his interest only.

It is said by counsel for appellant that since these latter judgments appear in the case, not from allegations in the complaint, but in the answers of Bourquin and the T. C. Power Company, the decree is erroneous in declaring their status. In this contention, however, we think there is no merit. The complaint states in terms that these defendants have or claim interests in or liens upon the premises described in the mortgages or some part thereof, as judgment or attachment creditors, but that their respective interests or liens are subsequent and subordinate to the liens of plaintiff's mortgages. The prayer demands that the priority of the plaintiff's mortgage liens be fixed and established, and that the liens of these defendants be declared inferior to them. It is apparent, therefore, that under the statute and the stipulation of the defendants for judgment it was fairly within the contemplation of the parties that the rights as between the plaintiff and these defendants should be adjusted in the decree. The court was therefore authorized to adjust these equities and

decree accordingly. In this respect the decree is not open to attack.

For the reasons heretofore stated, however, the cause is remanded to the district court with directions to amend the decree by eliminating therefrom any mention of the judgments belonging to the plaintiff, and, further, to so modify it as to make the T. C. Power Company and the Bourquin judgments liens upon the interest of Davis C. Turner only, whatever that interest may be. When so amended and modified, the decree will stand affirmed.

*Modified and affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.

(Submitted February 6, 1908. Decided February 13, 1908.)