STILLWATER COUNTY, RESPONDENT, *v.* KENYON ET AL., APPELLANTS.

(No. 6,731.)

(Submitted January 17, 1931. Decided March 17, 1931.)

[297 Pac. 453.]

*Mr. Roy Fallan* and *Messrs. Brown, Wiggenhorn & Davis,* for Appellants, submitted a brief; *Mr. Horace S. Davis* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. P. R. Heily,* County Attorney, for Respondent, submitted a brief; *Mr. C. N. Davidson,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action to quiet title to certain real estate described in the plaintiff's complaint, which is in usual form. It was commenced October 25, 1929. All of the defendants defaulted other than the defendant Elizabeth Fischer, who claimed an interest in the land by reason of a mortgage executed to the Merchants' Loan Company, a corporation, on June 16, 1917, by Earl A. Kenyon and Blanche Kenyon, his wife, for the sum of $600, which was duly assigned to Elizabeth Fischer. Service was had upon the appellant Earl A.

Kenyon and Blanche Kenyon by publication. In reply to the defendant Fischer's answer, the plaintiff set up its tax deed to the property, dated June 1, 1926. Service of the answer was made upon the plaintiff only and service of plaintiff's reply was made on the defendant Fischer alone. The prayer of plaintiff's complaint is as follows: "1. That the defendants and each of them be required to set forth their claims, if any they have, to the above described land and premises and that all adverse claims be determined by the decree of this court. 2. That said defendants and each of them be declared by decree of this court to have no right, title, interest or estate in or upon said land and premises or any part thereof. 3. That defendants and each of them be forever barred and foreclosed from asserting any claim to or upon said real property. 4. That the title of plaintiff be decreed good and valid and free from lien or encumbrance. 5. For such other relief as to the court may seem proper."

The plaintiff's reply concludes with a prayer for the relief demanded in the complaint. The cause was regularly brought on for trial on February 15, 1930, upon the complaint and the answer of the defendant Elizabeth Fischer, after which the court made general findings in plaintiff's favor and entered its judgment "that the plaintiff have judgment against each and all of said defendants herein, and all adverse claims of the defendants herein in and to said lands and premises or any part thereof, are hereby adjudged and decreed to be invalid and groundless, and of no force and effect, and the plaintiff herein is hereby adjudged to be the true and lawful owner of the lands described in said complaint and each and every part and parcel thereof. It is adjudged and decreed that the plaintiff has been the owner of said premises since the date it acquired title to said premises, to-wit: on the first day of June, 1926, and its title thereto is adjudged quieted against all claims, demands or pretensions of defendants, and all said defendants are hereby perpetually enjoined from setting up any claim thereto or any part thereof."

The defendants, Earl A. Kenyon and Blanche Kenyon, his wife, have appealed from the judgment. The record consists only of the judgment-roll.

The appellants' assignments of error present but one question for decision, viz.: Did the court err in rendering its judgment that the plaintiff has been the owner of the lands since June 1, 1926?

Section 9316 of the Revised Codes of 1921 reads: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

The statute is plain and is not ambiguous in the language employed. It means just what it says, that the relief granted to the plaintiff, as to defaulting defendants, cannot exceed that which is demanded in the complaint. (14 Cal. Jur., p. 906.) Since the judgment attempts to adjudicate as against the appellants, title to the property as of June 1, 1926, that which is not made to appear in the complaint, it is to that extent erroneous as to the appellants. (*Manuel* v. *Turner*, 36 Mont. 512, 93 Pac. 808; *State ex rel. Costello* v. *District Court*, 86 Mont. 387, 284 Pac. 128.) The appellants are in no manner bound by the allegations contained in the answer of the defendant Fischer, nor the plaintiff's reply thereto. As to them, there were no issues joined or by the court heard. And since a judgment cannot be made to stand alone upon the allegations of a reply (*Manuel* v. *Turner*, supra), certainly it cannot be upheld based on a reply filed to which the appellants were utter strangers. Our statute was borrowed from California, and in construing its requirements in many decisions the supreme court of that state has uniformly held in accordance with our views herein expressed. (See note to section 580, Code of Civil Procedure, Kerr's Cyc. Codes of California; 14 Cal. Jur. p. 966.)

The complaint speaks in the present tense, as of the date the action was begun, October 25, 1929. As to the land involved it is alleged that the plaintiff "*is* the owner in fee simple and entitled to the possession * * * that the defendants *claim* some right, title, interest or estate * * * adverse to plaintiff; that the claim or claims of the defendants and each of them, *is or are* without right or warrant of law and invalid and that the title of this plaintiff *is* good and valid."

No reference or claim of title to the property as of date June 1, 1926, is made in plaintiff's complaint, and therefore the judgment is erroneous in determining that the plaintiff has been the owner of the premises since the date it acquired title thereto on the first day of June, 1926. By their default the defendants only conceded the county's title within the language employed in the complaint and the prayer for relief. The authorities cited and relied upon by the plaintiff's counsel are based upon instances where issues of fact have been joined and the proof introduced warrants the granting of relief between the parties rather than in instances where the defendants have defaulted.

The judgment will be modified accordingly and as so modified will stand affirmed. The plaintiff will be taxed with the costs of this appeal.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES FORD, ANGSTMAN and MATTHEWS concur.