ARMSTRONG, APPELLANT, v. BUTTE, ANACONDA & PACIFIC RY. CO., RESPONDENT.

(No. 7,799.)

(Submitted January 26, 1940. Decided February 19, 1940.)

[99 Pac. (2d) 223.]

*Mr. M. J. Doepker,* for Appellant.

*Messrs. W. H. Hoover, John V. Dwyer, J. T. Finlen, Jr.,* and *W. M. Kirkpatrick,* for Respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff has appealed from a judgment in favor of defendant after its motion for nonsuit was sustained. The action is for damages occasioned by the collision of defendant's train with plaintiff's automobile, driven by plaintiff at the time of the collision.

The complaint is grounded upon negligence on the part of defendant in running its train over the crossing without ringing a bell or blowing a whistle, and alleges that plaintiff in attempting to negotiate the crossing was proceeding ''in a careful and prudent manner,'' and ''with ordinary diligence and prudence.'' The answer may be termed a general denied coupled with an affirmative plea of contributory negligence on the part of plaintiff.

On the day of the commencement of the trial plaintiff filed a reply in which he expressly admitted that he ''carelessly drove

his automobile onto the crossing," and followed the admission with allegations based upon the last clear chance, or what is usually referred to as the humanitarian doctrine. Defendant demurred to the reply upon the ground that it is insufficient in law upon its face.

The motion for nonsuit was based upon several grounds, among them being that the complaint does not state facts sufficient to constitute a cause of action, and that there was no proof of negligence on the part of defendant. Under the circumstances here it is unnecessary to refer to the evidence, other than to say that no evidence went in without objection which can be said to have changed the issues as set out in the pleadings. In the face of the admission in the reply that plaintiff himself was guilty of contributory negligence in driving upon the crossing at the time of the collision, if he has any cause of action at all it is on the doctrine of the last clear chance. Whether he can recover on that theory may not properly be tried under the pleadings as they now stand. A judgment for plaintiff cannot be based upon allegations which appear in the reply only. (*Manuel* v. *Turner,* 36 Mont. 512, 93 Pac. 808.) And a reply cannot add new grounds of relief to those alleged in the complaint. (*McCarthy* v. *Employers' Fire Ins. Co.,* 97 Mont. 540, 37 Pac. (2d) 579, 97 A. L. R. 292, and cases therein cited.)

That the shifting from simple negligence relied upon in the complaint to the doctrine of the last clear chance in the reply constitutes an abandonment of the cause of action set out in the complaint and the assertion of a new cause of action in the reply has been definitely held by the supreme court of New Mexico in *Thayer* v. *Denver & R. G. R. Co.,* 21 N. M. 330, 154 Pac. 691. That case is well reasoned and amply sustained in principle by courts and text-writers, as a reading of the opinion will disclose. The supreme court of Missouri, by way of *dictum,* made the same assertion in *Daniel* v. *Pryor,* (Mo.) 227 S. W. 102, 105, as follows: "Even if the reply had set up the facts relating to the humanitarian rule, no such recovery could have been sustained under the second count, as the plaintiff's case must stand or fall under the allegations of said count."

Since plaintiff abandoned the right of recovery under the ▮ complaint by admitting in his reply that he was guilty of negligence in driving upon the crossing, and since he is precluded from setting up a cause of action in his reply, the court was right in sustaining the motion for nonsuit. There was no pleading upon which a verdict and judgment could have been entered in plaintiff's favor.

One other contention of defendant must be considered as an ▮ aid to court and counsel in case another action be instituted. Defendant contends that the case of *Pollard* v. *Oregon Short Line Ry. Co.*, 92 Mont. 119, 11 Pac. (2d) 271, so far as it permits plaintiff to plead that part of the last clear chance relating to defendant's discovery of plaintiff in a perilous position in the alternative, should be overruled. In other words, defendant contends that prior cases by this court have held that before defendant can be held liable under the doctrine of the last clear chance, it must actually have discovered plaintiff in a perilous position in time to avert the injury, and that it is not sufficient that in the exercise of proper care it should have discovered him.

It is true that this court has held as defendant contends. Those cases so holding, however, were in effect overruled in the *Pollard Case* when applied to a crossing or other places where the defendant had reasonable grounds to anticipate the presence of persons and negligently failed to keep a lookout and to see that which should have been seen. We reaffirm the holding in the *Pollard Case*. It brings this court in harmony with the progressive and enlightened view throughout the nation on this subject as reiterated in the Restatement of the Law of Torts. Section 479 thereof states the prevailing rule throughout the nation as follows:

"A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceding the harm,

"(a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and

"(b) the defendant

"(i) knows of the plaintiff's situation and realizes the helpless peril involved therein; or

"(ii) knows of the plaintiff's situation and has reason to realize the peril involved therein; or

"(iii) would have discovered the plaintiff's situation and thus had reason to realize the plaintiff's helpless peril had he exercised the vigilance which it was his duty to the plaintiff to exercise, and (c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff."

Since, as before stated, the court properly granted the motion for nonsuit, the judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ARNOLD and ERICKSON concur.